UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nathan Louis Lomax,<br><br>                Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>                Respondents | Case No. 2:24-cv-00924-CDS-NJK<br><br>**Order Granting Defendants' Motion to Dismiss and Dismissing Petition as Untimely**<br><br>[ECF No. 17] |

      In Nathan Louis Lomax's 28 U.S.C. § 2254 habeas corpus petition he challenges his assault conviction, arguing that his counsel was ineffective at sentencing. ECF No. 3-1.[1] Respondents move to dismiss the petition as untimely, unexhausted, procedurally defaulted, and/or conclusory. ECF No. 23. No opposition was filed. I could have dismissed the petition for failing to file an opposition,[2] I nonetheless reviewed the motion on its merits. In doing so, I conclude that the petition must be dismissed as time barred.

I.     Background

      In November 2018, in Second Judicial District Court (Washoe County), Nevada, Lomax pleaded guilty to assault with use of a deadly weapon. Resp't Ex. 13, ECF No. 12-13.[3] Lomax was convicted of chasing a woman out of a downtown Reno casino with a firearm after they got into an argument. *See* Resp't Ex. 20, ECF No. 12-20. The state district court adjudicated Lomax a habitual criminal and sentenced him to 10 to 25 years in prison. *Id.* Judgment of conviction was entered on February 21, 2019. Resp't Ex. 21, ECF No. 12-21. The Nevada Court of Appeals affirmed the denial of his state postconviction habeas petition as untimely in March 2023. Resp't Ex. 63, ECF No. 13-26.

---

[1] The docket reflects that the Clerk of Court was inadvertently not directed to detach and file the petition. *See* ECF No. 8. At the conclusion of this order I will direct the Clerk to file the petition. ECF No. 3-1.
[2] The motion to dismiss was served on Lomax at his address of record. *See* ECF No. 17. Local Rule 7-2(d) provides that the failure of an opposing party to file a response to the motion constitutes a consent to the granting of the motion.
[3] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 17, and are found at ECF Nos. 12 and 13.

Lomax dispatched his federal habeas petition for mailing about April 2024. ECF No. 3-1. He alleges the following:

> Ground 1(A): Lomax is in custody in violation of his Fourteenth and Eighth Amendment rights to due process and freedom from cruel and unusual punishment.
>
> Ground 1(B): Counsel was ineffective for failing to research the relevant laws pertaining to the exhibits used to adjudicate Lomax as a habitual criminal.
>
> Ground 1(C): The prosecution committed misconduct by producing exhibits that consisted of crimes for which Lomax was never arrested, jailed, or stood trial.

ECF No. 3-1.[4]

Respondents now move to dismiss the petition, arguing that it is untimely, procedurally barred and/or conclusory. ECF No. 17. As noted above, Lomax did not file an opposition or respond to the motion in any way.

## II.     Legal Standards & Analysis: AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). "[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). The one-year period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Where a petitioner did not file a direct appeal of the judgment of conviction before the Nevada Supreme Court or the Nevada Court of Appeals, the one-year period of limitations begins to run 30 days after

---

[4] The Court uses respondents' numbering of the grounds. respondents state that they renumbered the claims to provide clarity and a liberal interpretation in favor of any claims Lomax may be attempting to present.

the entry of the judgment of conviction. *See* Nev. R. App. P. 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149–50, (2012).

That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). The limitations period is not tolled until an "application for State post-conviction or other collateral review" is properly filed with the state court clerk and the period continues to toll while the application remains "pending." *See* 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014). The prison mailbox rule does not apply to that application for collateral review. *Orpiada*, 750 F.3d at 1087. If an application for collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). "28 U.S.C. § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). "[A] pro se petitioner's [federal habeas] petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). "[Section] 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

Here, Lomax's 90 days to file a petition with the United States Supreme Court began to run on February 4, 2020, the date the Nevada Court of Appeals affirmed the judgment of conviction. *See* Resp't Ex. 40, ECF No. 13-3. The 90 days expired on May 4, 2020. The one-year period of limitations, therefore, started to run on May 5, 2020. The one-year deadline to file a federal petition was May 5, 2021. Lomax filed his federal petition on April 18, 2024, three years after the AEDPA deadline.

Lomax filed a state postconviction habeas petition on April 4, 2021, more than five weeks after the state one-year statute of limitations had expired on March 3, 2021. *See* Resp't Ex. 42, ECF No. 13-5; Resp't Ex. 43, ECF No. 13-6. The state district court denied the petition as procedurally

3

barred because it was untimely under NRS 34.726 and Lomax did not provide good cause and prejudice to excuse the untimely filing. Resp't Ex. 43. ECF No. 13-6. If a state post-conviction petition is not timely under state law it is not "properly filed" for the purposes of § 2244(d)(2) and, therefore will not toll the federal one-year filing period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). When a state habeas "petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (internal quotation omitted). Thus, Lomax's state habeas petition was not a "properly filed" application eligible for tolling. *See id.* at 417. So Lomax is not entitled to statutory tolling of AEDPA's one-year statute of limitations.

Lomax also filed a motion to modify and/or correct an illegal sentence on December 22, 2021. Resp't Ex. 44, ECF No. 13-4; Resp't Ex. 47, ECF No. 13-10. But the AEDPA limitations period had already expired in May 2021. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). The second or third state habeas petition similarly cannot statutorily toll the AEDPA limitations period. First, the AEDPA clock expired prior to Lomax's petitions. Second, the Nevada appellate court held Lomax's second state habeas petition was untimely under NRS 34.726, and the state district court denied his third state habeas petition on the same basis.[5] Resp't Ex. 63, ECF No. 13-26; Resp't Ex. 70, ECF No. 13-33; *see also Pace*, 544 U.S. at 414. Lomax therefore failed to file a "properly filed" application within the meaning of the AEDPA statutory tolling provision, so the limitations period expired on May 5, 2021. The Court must dismiss Lomax's petition as untimely. *See* 28 U.S.C. § 2244(d); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003).

I also note that Lomax acknowledges in his petition that he never presented grounds 1(A) and 1(C) to the state courts so they are unexhausted and would be procedurally defaulted from federal review. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Lomax presented ground 1(B) in his untimely second state habeas petition, so that ground also would be procedurally barred from federal review. In any event, I dismiss the petition as untimely.

---

[5] It does not appear from respondents' exhibits that Lomax appealed the denial of his third state petition.

### III. Certificate of Appealability

This is a final order adverse to petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a Certificate of Appealability (COA). Accordingly, I have sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot*, 463 U.S. at 893 & n.4). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed my determination that Lomax's petition is time-barred, I find that the ruling does not meet the *Slack* standard. So I decline to issue a certificate of appealability for the dismissal of Lomax's petition.

### IV. Conclusion

I therefore order that the Clerk of Court detach and file the petition [ECF No. 3-1].

I further order that respondents' unopposed motion to dismiss **[ECF No. 17] is GRANTED**. The petition is **DISMISSED** as untimely.

I further order that a Certificate of Appealability will not issue.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

Dated: September 8, 2025

_____
Cristina D. Silva
United States District Judge